Donald A. Robinson
Keith J. Miller
ROBINSON WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, NJ 07105
(973) 690-5400

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Attorneys for Plaintiffs
Wyeth and Cordis Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WYETH<br><br>and<br><br>CORDIS CORPORATION and CORDIS LLC<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC.<br><br>and<br><br>BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>*Document Filed Electronically* |

Plaintiffs Wyeth, Cordis Corporation, and Cordis LLC (collectively "Plaintiffs"), by their attorneys, allege as follows:

## THE PARTIES

1. Plaintiff Wyeth, Five Giralda Farms, Madison, New Jersey is a Delaware Corporation with a place of business in Madison, New Jersey. Wyeth is a global leader in developing pharmaceutical drugs and treatments, and has developed and continues to develop innovative treatments across a wide range of therapeutic areas.

2. Plaintiff Cordis Corporation, 33 Technology Drive, Warren, New Jersey, is a Florida corporation with a principal place of business in Warren, New Jersey. Cordis also has facilities in Clark, New Jersey. Cordis Corporation is a pioneer in developing non-invasive treatments for vascular disease, including the CYPHER® drug-eluting stent, a drug/device combination for the treatment of coronary artery disease.

3. Plaintiff Cordis LLC, Road #362 KM 0.5, San German, Puerto Rico, is a Delaware limited liability company with its principal place of business in San German, Puerto Rico. Cordis LLC, an affiliate of Cordis Corporation, manufactures and sells the CYPHER® drug-eluting stent. Cordis Corporation and Cordis LLC will be referred to collectively as "Cordis."

4. Upon information and belief, Defendant Abbott Laboratories, 100 Abbott Park Road, North Chicago, IL 60064, is an Illinois corporation with a principal place of business in Illinois. Upon information and belief, Defendant Abbott Cardiovascular Systems, Inc. is a corporation organized under the laws of the State of California and has a principal place of business at 3200 Lakeside Drive, Santa Clara, California. Upon information and belief, Abbott Cardiovascular Systems is a subsidiary of Abbott Laboratories. Abbott Laboratories and Abbott Cardiovascular Systems, Inc. will be collectively referred to herein as "Abbott."

2

5.  Upon information and belief, Defendant Boston Scientific Corporation, One Boston Scientific Place, Natick, Massachusetts 01760, is a Delaware corporation with a principal place of business in Massachusetts. Upon information and belief, Defendant Boston Scientific Scimed, Inc. is a corporation organized under the laws of Minnesota and has a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311. Upon information and belief, Boston Scientific Scimed, Inc. is a subsidiary of Boston Scientific Corporation. Boston Scientific Corporation and Boston Scientific Scimed, Inc. will be collectively referred to herein as "BSC."

## JURISDICTION AND VENUE

6.  This action arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*).

7.  This Court has subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.  This Court has personal jurisdiction over Abbott. On information and belief, Abbott has systematic and continuous contacts in this judicial District, regularly transacts business within this judicial District, and regularly avails itself of the benefits of this judicial District. For example, Abbott is registered to do business in New Jersey, and has facilities located in this District, including in East Windsor, Cranbury, South Brunswick, Edison, Whippany, and Parsippany, New Jersey. On information and belief, Abbott also has numerous employees in this District, derives substantial revenues from its business operations and sales in this district, and pays taxes in New Jersey based on revenue generated in this District. On information and belief, Abbott also sells and distributes medical devices in this District,

3

including vascular devices. Upon information and belief, Abbott derives substantial revenues from sales in this district.

9. This Court has personal jurisdiction over BSC. On information and belief, BSC has systematic and continuous contacts in this judicial District, regularly transacts business within this judicial District, and regularly avails itself of the benefits of this judicial District. On information and belief, BSC also sells and distributes medical devices in this District, including vascular devices. Upon information and belief, BSC derives substantial revenues from sales in this district.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

11. On September 22, 2009, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,591,844, entitled "Medical Devices, Drug Coatings and Methods for Maintaining the Drug Coatings Thereon" (the "'844 patent"). The '844 patent issued to Llanos et al., and is co-owned by Cordis Corporation and Wyeth. Cordis Corporation and Wyeth hold all right, title and interest in and to the '844 patent. Cordis LLC is an exclusive licensee under the '844 patent.

12. Abbott is the manufacturer of a drug-eluting stent named XIENCE V Everolimus Eluting Coronary Stent System ("Xience V stent"). Abbott has manufactured thousands of Xience V products in the United States for sale in the United States, Europe and Asia. Abbott launched the Xience V stent in Europe and the Asia Pacific regions in 2006. Abbott launched the Xience V stent in the United States in 2008.

4

13. Abbott is infringing the claims of the '844 patent by, including but not limited to, making and/or using the Xience V stent in the United States for sale in Europe and Asia for use by physicians, selling the Xience V stent in the United States, and making and/or selling the Xience V stent to BSC for resale under the Promus name. The Xience V stent competes directly with Cordis's CYPHER stent, reducing Cordis's market share and causing irreparable harm to Cordis. Abbott's infringement is causing harm to Wyeth as well.

14. Pursuant to an agreement between BSC and Abbott, BSC is presently selling the Promus drug-eluting coronary stent in the United States, Europe, and other countries outside the United States. The Promus stent is a private-label version of the Abbott Xience V drug-eluting stent which is manufactured for BSC by Abbott in the United States.

15. BSC is infringing the claims of the '844 patent by, including but not limited to, the following actions. The Promus stent received CE Mark approval in October 2006, which allows BSC to distribute the Promus stent in Europe. Since that time, on information and belief, BSC has been taking title to the Promus stent from Abbott in the United States and exporting those stents to the European market. The Promus stent received FDA approval in July 2008. Since that time, on information and belief, BSC has been taking title to the Promus stent from Abbott in the United States and selling those stents in the United States. The Promus stent competes directly with Cordis's CYPHER stent, reducing Cordis's market share and causing irreparable harm to Cordis. BSC's infringement is causing harm to Wyeth as well.

**COUNT I:  INFRINGEMENT OF THE '844 PATENT BY ABBOTT**

16. Plaintiffs reallege paragraphs 1-15 above as if fully set forth herein.

17. Abbott is infringing the '844 patent in violation of 35 U.S.C. § 271.

## COUNT II: INFRINGEMENT OF THE '844 PATENT BY BSC

18. Plaintiffs reallege paragraphs 1-15 above as if fully set forth herein.

19. BSC is infringing the '844 patent in violation of 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For judgment in favor of Plaintiffs that Abbott is infringing the '844 patent;

2. For an injunction pursuant to 35 U.S.C. § 283 prohibiting Abbott from making, using, selling, or offering for sale the infringing products in the United States, or making and/or selling the Xience V to BSC for resale under the Promus name;

3. For an award of damages for Abbott's infringement of the '844 patent, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

4. For judgment in favor of Plaintiffs that BSC is infringing the '844 patent;

5. For an injunction pursuant to 35 U.S.C. § 283 prohibiting BSC from selling infringing products in the United States;

6. For an award of damages for BSC's infringement of the '844 patent, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

7. For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Plaintiffs of their reasonable attorneys' fees; and

8. For such other and further relief in law or in equity to which Plaintiffs may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues triable of right before a jury.

Dated: September 22, 2009.                By:  *s/Donald A. Robinson*
                                                              Donald A. Robinson
                                                              Keith J. Miller
                                                              ROBINSON WETTRE & MILLER LLC
                                                              One Newark Center, 19th Floor
                                                              Newark, NJ 07105
                                                              (973) 690-5400
                                                                           -and-

                                                              David T. Pritikin
                                                              William H. Baumgartner, Jr.
                                                              Russell E. Cass
                                                              SIDLEY AUSTIN LLP
                                                              One South Dearborn Street
                                                              Chicago, Illinois 60603
                                                              Telephone: (312) 853-7000

                                                              ATTORNEYS FOR PLAINTIFFS WYETH
                                                              AND CORDIS CORPORATION

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is related to the following actions presently pending before this Court:

Cordis Corporation v. Abbott Laboratories and Abbott Cardiovascular Systems, Inc.
Civil Action No. 07-2265 (JAP)

Cordis Corporation v. Abbott Laboratories and Abbott Cardiovascular Systems, Inc.
Civil Action No. 07-2477 (JAP)

Cordis Corporation v. Abbott Laboratories and Abbott Cardiovascular Systems, Inc.
Civil Action No. 07-2728 (JAP)

Cordis Corporation and Wyeth v. Abbott Laboratories and Abbott Cardiovascular Systems, Inc.
Civil Action No. 07-5636 (JAP)

Cordis Corporation and Wyeth v. Abbott Laboratories, Abbott Cardiovascular Systems, Inc., Boston Scientific Corporation, and Boston Scientific Scimed, Inc.
Civil Action No. 08-0230 (JAP)

Cordis Corporation and Wyeth v. Abbott Laboratories, Abbott Cardiovascular Systems, Inc., Medtronic, Inc., and Medtronic AVE, Inc.
Civil Action No. 08-1021 (JAP)

This is a patent infringement case. The accused products in this case are the same as the accused products in the six civil actions listed above: the Xience Everolimus Eluting Coronary Stent System (manufactured and sold by Abbott and accused in all six civil actions) and the Promus Everolimus-Eluting Coronary Stent System (sold by Boston Scientific and accused in Civil Action No. 08-0230).

Dated: September 22, 2009.    By:    s/Donald A. Robinson
                                     Donald A. Robinson
                                     Keith J. Miller
                                     ROBINSON, WETTRE & MILLER LLC
                                     One Newark Center, 19th Floor
                                     Newark, NJ 07102
                                     (973) 690-5400

CH1 4887242v.1

>                -and-
>
>    David T. Pritikin
>    William H. Baumgartner, Jr.
>    Russell E. Cass
>    SIDLEY AUSTIN LLP
>    One South Dearborn Street
>    Chicago, IL 60603
>    Telephone: (312) 853-7000

ATTORNEYS FOR PLAINTIFFS WYETH, CORDIS CORPORATION, AND CORDIS LLC

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

Plaintiffs Wyeth, Cordis Corporation, and Cordis LLC, through their undersigned counsel, hereby certify that the damages recoverable in this action exceed $150,000, exclusive of interest, costs and any claim for punitive damages.

Dated: September 22, 2009

ROBINSON, WETTRE & MILLER LLC

By: s/Donald A. Robinson
Donald A. Robinson
Keith J. Miller
One Newark Center, 19th Floor
Newark, NJ 07102
(973) 690-5400

-and-

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

ATTORNEYS FOR PLAINTIFFS WYETH, CORDIS CORPORATION, AND CORDIS LLC