UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WYETH, et al.  Plaintiffs,  v.  ABBOTT LABORATORIES, et al.,  Defendants. | Civil Action No. 09-4850 (JAP)  **OPINION** |

PISANO, District Judge.

Presently before the Court in this patent infringement action is a joint motion by Defendants Abbott Laboratories and Abbot Cardiovascular Systems, Inc. (together, "Abbott") and Boston Scientific Corporation and Boston Scimed, Inc. (together, "BSC") to stay the proceedings pending *inter partes* reexamination by the Patent and Trademark Office (the "Patent Office") of U.S. Patent No. 7,591,844 (the "'844 patent"), entitled "Medical Devices, Drug Coatings and Methods for Maintaining Drug Coatings Thereon", and U.S. Patent No. 6,746,773 (the "'773 patent"), entitled "Coatings for medical devices." Plaintiffs Wyeth, Cordis Corporation and Cordis LLC (together, "Cordis" or "Plaintiffs") oppose the motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil

Procedure 78.  The Court has carefully considered the submissions of the parties, and for the reasons below, Defendants' motion is denied.

I.  BACKGROUND

Plaintiffs filed their complaint in this action on September 22, 2009, the same date that the '844 patent issued, alleging that Defendants' manufacture and/or sale of certain drug-eluting coronary stents infringe the claims of the '844 patent.  On April 15, 2010, BSC filed a request for *inter partes* reexamination of all 24 of the claims of the '844 patent on the grounds that the claims are invalid as obvious in light of a number of prior art references that BSC alleges had not been previously disclosed to the Patent Office.  On June 14, 2010, Abbott also requested *inter partes* reexamination of all claims in the '844 patent based, in part, on additional prior art references.  The Patent Office granted these requests on June 30, 2010, and August 25, 2010, respectively.

On July 13, 2010, Plaintiff moved for leave to file an amended complaint to add the '733 patent to this case, which motion was ultimately granted.  On August 23, 2010, Abbott filed a request for *inter partes* reexamination of all the remaining[1] claims in the '773 patent citing a number of prior art references allegedly not disclosed to or considered by the Patent Office in their initial examination or subsequent *ex parte* reexamination of the '773 patent. The Patent Office granted this request on November 19, 2010.

II.  ANALYSIS

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

---

[1] The '773 patent originally issued in 2004.  Plaintiff sought its own *ex parte* reexamination of this patent, and a reexamination certificate of the '773 patent was issued on July 13, 2010.

time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  Thus, the decision to stay a patent case in which a reexamination by the Patent Office has been requested is within the sound discretion of the district court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

In deciding whether to stay a matter pending reexamination, courts have developed a three-part test.  A court should consider "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp 2d 404, 406 (W.D.N.Y. 1999).  As set forth below, the Court finds that upon consideration of these factors Defendants' motion for a stay pending reexamination should be denied.

A.  Prejudice and Tactical Advantaage

Defendants argue that Cordis will suffer no undue prejudice by the stay, but rather will at most suffer inconvenience as a result of the delay inherent in the reexamination process. Cordis, on the other hand, argues that the *inter partes* reexamination at issue could take over six years and that it would be unfairly prejudiced by such a delay. *See* Declaration Of Nicholas P. Godici (opining that "it will take at least 6.42 years, and possibly longer, for the PTO to issue an *inter partes* reexamination certificate for any of Defendants' reexamination requests, including an appeal to the Board of Patent Appeals and Interferences and the Federal Circuit.").  In particular, Cordis notes that it and Defendants are direct competitors and Defendants' Xience/Promus stents, which Cordis alleges infringe the patents-in-suit, compete

3

directly with Cordis's Cypher stent. Cordis asserts that the alleged infringement has cost it roughly a billion dollars in annual sales, and has forced it to lay off key employees and reduce its research and development programs. As such, Cordis asserts that its very existence as a competitor in the drug-eluting stent field is threatened. It seeks a "quick trial" and states that it will seek a permanent injunction should it prevail. Thus, Cordis argues that the delay occasioned by the reexamination will delay entry of an injunction and cause them irreparable harm.

Cordis also notes that the patents-in-suit expire in September of 2020. As such, it argues that a stay might prevent this matter from going to trial during the remaining life of the patents, thus effectively eliminating Cordis's right to exclusivity and granting Defendants "what amounts to a compulsory license." Pl. Brf. at 19.

Finally, Cordis asserts that a stay would place it at a tactical disadvantage in this litigation, in that a delay of 6 or more years will result in the loss of evidence as memories fade and key trial witnesses become unavailable.

The Court agrees that Cordis will be prejudiced by the imposition of a stay. Cordis alleges it has suffered significant decline in its market share, and if it is required to wait for the Patent Office to complete its reexamination it may be harmed further. Moreover, a significant delay in this litigation may result in evidence becoming more difficult to access as witnesses may become unavailable and memories fade. Consequently, the Court finds that this first factor weighs strongly against staying this case.

B.  Simplification of Issues and Trial

There really cannot be much dispute that a stay of this action pending reexamination does have the potential to simplify the issues in this case. Indeed, that probably could be said

of virtually every case. The reexamination proceedings may eliminate, narrow, or clarify certain disputed issues in this litigation. Conversely, however, should this Court render final judgment before the work of the Patent Office is completed, the need for reexamination could be eliminated.

Defendants argue that staying this case pending reexamination would "unquestionably" simplify the issues. Def. Brf. at 10. Relying upon Patent Office statistics, Defendants argue that 49% of *inter partes* reexamination proceedings result in cancellation of all claims and 43% result in modification of at least some claims. *See* Declaration of George C. Jones, Ex. 1 (United States Patent and Trademark Office Data 1999-2010). However, for more recently filed reexaminations, the likelihood of cancellation or modification may not be as substantial as such statistics would indicate. Cordis refers the Court to a recent article that reports that the Patent Office's cancellation rate in *inter partes* reexamination has been dropping significantly. *See* "Trends in Patent Re-Examinations," Law360 (Nov. 22, 2010)( available at http://www.law360.com/web/articles/208474). According to this article, in the most recent 12 months, the Office's cancellation rate has dropped to 33% (as compared to 49% for all inter partes certificates issued since 1999). Additionally, for the most recent 6 months, that figure dropped further to 24%.

It is true that reexamination could result in cancellation or amendment of some of the claims at issue. Statistically speaking, however, it is more likely than not that at least one or more of the claims of the '844 and '773 patent will survive the reexamination proceeding. So while some of the issues in this case may be eliminated or narrowed if the Court were to grant the stay, all issues in this case likely will not be resolved by the reexamination. As such, the possibility that some of the issues in this case may be resolved or narrowed weighs only

5

slightly in favor of staying this action, and is not significant enough to outweigh the other considerations discussed herein.

C.  Stage of Litigation

      This case had been pending since September 2009.  The parties have been engaging in fact discovery, have exchanged preliminary claim constructions and have filed their joint claim construction and prehearing statement.  Claim construction briefing begins shortly.  Thus, while the case continues to move forward, it is in a relatively early stage.  This, however, does not necessarily mean a stay is appropriate.  As other courts have noted

> [a]lthough the advanced nature of a case approaching trial may weigh heavily against granting a stay, the opposite inference--that a suit in the early stages should weigh heavily in favor of a stay--is not true. As a case progresses through the stages of litigation, the grant of a stay generally becomes more costly to the parties and to the court. Yet, just as the absence of a negative inference does not create a positive inference, so also the lesser cost of granting a stay early in the litigation process does not equate to a factor favoring a stay; the lower cost simply indicates the best time to grant a stay is in the early stages of litigation.

*Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc.*, No. 09-791, 2010 WL 1946262, *3 (E.D. Va. May 10, 2010) (quoting *Sighting System Instruments, LLC v. Prestige Law Enforcement, Inc.*, No. 05-1560, 2006 WL 2642184 (N.D. Tex. September 11, 2006)).  As such, while the Court finds that the stage of this litigation does not weigh against a stay, it neither weighs in favor of a stay.

      Having weighed the above considerations, and balancing the benefits and costs with respect to staying this action, the Court concludes a stay pending reexamination is not warranted in this action.  This litigation has been pending for over a year, discovery is underway and claim construction proceedings will take place in the coming months.  The case is moving along at an appropriate pace.  Staying this action for six year or more, the time it

would take to complete reexamination of the patents-in-suit, could subject Cordis to continuing sales and market share loss.  Any of the potential benefits favoring a stay are outweighed by the interests of the parties and the efficient administration of justice in continuing to move forward with this action.  The Defendants' motion, therefore, is denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  January 31, 2011